UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ADAM DIAZ, ) | |
| ) | |
| Plaintiff ) | |
| ) | CAUSE NO. 3:05-CV-184 RM |
| vs. ) | |
| ) | |
| JOHN R. VanNATTA, *et al.*, ) | |
| ) | |
| Defendants ) | |

<u>OPINION AND ORDER</u>

Adam Diaz, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). <u>Weiss v. Colley</u>, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is

> entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Diaz alleges that he was attacked by another inmate. Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (citations and internal punctuation omitted). When one inmate attacks another, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen . . .." Halley v. Gross, 86 F.3d 630, 640 (7th Cir. 1996).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

Pierson v. Hartley, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). Deliberate indifference is "something approaching a total unconcern for [the

plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir. 1991). It is not enough to show that a defendant merely failed to act reasonably. Gibbs v. Franklin, 49 F.3d 1206, 1208 (7th Cir. 1995). Deliberate indifference can be inferred only where defendants know there is a strong likelihood rather than a mere possibility that violence will occur. Watts v. Laurent, 774 F.2d 168, 172 (7th Cir. 1985). Prison officials cannot be expected to eliminate the possibility of all attacks because the prison system is always potentially dangerous and sometimes explosive. McGill v. Duckworth, 944 F.2d 344, 345 (7th Cir. 1991) ("Prisons are dangerous places"). Thus, the right to reasonable protection does not include the right to protection from random acts of violence. *See*, McGill v. Duckworth, 944 F.2d 344, 348 (7th Cir. 1991) ("some level of brutality . . . among prisoners is inevitable no matter what guards do").

Mr. Diaz alleges that a fellow inmate attacked him while he was distributing cleaning supplies. He alleges that Lt. Biddle directed unknown correctional officers to order that he distribute these supplies. Mr. Diaz was on the range and all of the other inmates were locked in their cells with their cuffports open. When Mr. Diaz approached one of the cells, the inmate threw a bucket of cleaner out of his cuff port, grabbed Mr. Diaz by the neck, and poured cleaner into his eyes. Mr. Diaz doesn't allege and, based on this complaint, it would not be reasonable to infer,

3

that either of the two named defendants (John VanNatta and Michael Lee Biddle) had any warning of this impending attack or the threat that this other inmate posed to Mr. Diaz. Mr. Diaz alleges that Lt. Biddle disliked him because he had attacked and bitten the Lieutenant. Though that is certainly a good reason for disliking someone, even if this was the motivation for Lt. Biddle's selection of Mr. Diaz to distribute the cleaning supplies, it provides no basis for ascribing liability to him for the subsequent attack. Neither defendant is said to have required that Mr. Diaz distribute the cleaning supplies in a manner which brought his face and neck within reach of these cuffports. Mr. Diaz argues that such an attack could have been anticipated and prevented, but prisons are dangerous places. Though the attack is regrettable, these defendants are not liable to Mr. Diaz under §1983 even if they were negligent, unreasonable or incompetent in having him distribute cleaning supplies through the cuffport to other inmates.

For the foregoing reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: April  7 , 2005

                                                   /s/ Robert L. Miller, Jr.  
                                                  Chief Judge  
                                                  United States District Court