UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ADAM DIAZ, | ) |
|       Plaintiff | ) |
| vs. | ) CAUSE NO. 3:05-CV-184 RM |
| JOHN R. VanNATTA, *et al.*, | ) |
|       Defendants | ) |

<u>MEMORANDUM AND ORDER</u>

Adam Diaz, a *pro se* prisoner, seeks leave to proceed *in forma pauperis* on appeal. A prisoner may not bring a civil action or appeal *in forma pauperis* if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision.

The records of the United States District Court for the Southern District of Indiana establish that the disposition of one case filed by Mr. Diaz qualifies as a "strike" within the meaning of §1915(g):

    (1) <u>Diaz v. Parke</u>, IP00-C-1130, dismissed pursuant to 28 U.S.C. § 1915A September 14, 2000;

The records of the United States District Court for the Northern District of Indiana establish that the disposition of three other cases filed by Mr. Diaz also

qualify as a "strikes" within the meaning of §1915(g):

>   (2) <u>Diaz v. Cook</u>, 2:05-CV-085, dismissed pursuant to 28 U.S.C. § 1915A on March 23, 2005;
>
>   (3) <u>Diaz v. VanNatta</u>, 3:05-CV-184, dismissed pursuant to 28 U.S.C. § 1915A on April 12, 2005; and
>
>   (4) <u>Diaz v. Mitchell</u>, 3:05-CV-185, dismissed pursuant to 28 U.S.C. § 1915A on April 20, 2005.

An inmate with three or more "strikes" "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" <u>Abdul-Wadood v. Nathan</u>, 91 F.3d 1023, 1025 (7th Cir. 1996). Mr. Diaz' appeal from the dismissal of his complaint which alleged that he had been randomly attacked by a fellow inmate in a facility in which he is no longer housed does not qualify as an allegation that he is currently under imminent danger of serious physical injury.

Additionally, pursuant to 28 U.S.C. § 1915(a)(3), "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." Substantively, this appeal is not taken in good faith for the reasons stated in this court's screening order dated April 7, 2005 (docket # 4).

Mr. Diaz may still proceed with this action, but to do so he must pay the full amount of the filing fee. For the foregoing reasons, the court:

>   (1) **GRANTS** the plaintiff to and including May 20, 2005, within which to pay the $255.00 filing fee, and
>
>   (2) **ADVISES** him that if he does not pay the filing fee by that date,

2

this appeal may be dismissed without further notice without affecting his obligation to pay the filing fee in installments.

SO ORDERED.

ENTERED: April __28__, 2005

                                              ___/s/ Robert L. Miller, Jr._____
                                              Chief Judge
                                              United States District Court